IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CEDRIC A. MITCHELL                                                                                          PLAINTIFF

v.                                        Civil No. 2:20-cv-02211

DETECTIVE TOBIAS ARRIOLA,
Fort Smith Police Department;
DETECTIVE RUSSELL URSERY,
Arkadelphia Police Department;
DETECTIVE CHAD FORD,
Bowie County Sheriff's Office                                                                        DEFENDANTS

### REPORT AND RECOMMENDATION

Plaintiff, Cedric A. Mitchell ("Mitchell"), currently an inmate of the Ouachita County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983. Two of the Defendants, Detective Arriola and Detective Ursery have filed Motions to Dismiss the Amended Complaint or in the alternative to Strike the Amended Complaint (ECF Nos. 30 & 36). Mitchell has filed a Response (ECF No. 37) to the Motions. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable P.K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

### I. BACKGROUND

When the Court screened the Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915A, a number of claims and parties were dismissed. (ECF No. 8). Specifically, the excessive force claims, all claims against Renee Fotso, all claims against Arkansas 911 News, all official capacity claims, and all breach of the duties of office claims were dismissed. *Id.* Renee Fotso and Arkansas 911 News were terminated as Defendants. *Id.*

Mitchell was directed to file an Amended Complaint which set forth only his claims against

1

Detective Ursery with the Arkadelphia Police Department, Detective Arriola of the Fort Smith Police Department, and Detective Ford with the New Boston, Texas Police Department.[1] (ECF No. 8). Mitchell was told he should affirmatively link the actions of each named Defendant to the alleged constitutional violations. *Id.* Mitchell was advised that failure to comply with the Order would result in the dismissal of the case. *Id.*

Mitchell filed his Amended Complaint on March 2, 2021. (ECF No. 12). On March 8, 2021, after concluding the Amended Complaint stated plausible claims against the three named Defendants, the Court directed service on the Defendants. (ECF No. 14).

Detective Arriola and Detective Ursery have now moved to dismiss (ECF Nos. 30 & 36) the Amended Complaint due to it alleged failure to comply with the Order (ECF No. 8) of the Court. Specifically, they maintain the Amended Complaint failed to comply with the Order in the following respects: (1) Mitchell again checked that he was bringing both individual and official capacity claims; (2) Mitchell again asserts a breach of duty claim;[2] and (3) Mitchell did not affirmatively link each Defendant's conduct to the alleged constitutional violations. Alternatively, they move to strike the Amended Complaint.

Mitchell objects to the dismissal of his case and argues that he is at a disadvantage in drafting pleadings and responding to motions due to his incarceration. (ECF No. 37). He indicates his access to the law library is virtually non-existent.

---

[1] It is now believed that Detective Ford is employed by the Bowie County, Texas Sheriff's Office.
[2] In this regard, Defendants are referring to a different Amended Complaint (ECF No. 11) than the one served on them (ECF No. 12). However, it appears the only difference between the two documents is that (ECF No. 11) was not signed by Mitchell.

## II. DISCUSSION

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (*quoting Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

Reviewing Detective Arriola's and Detective Ursery's arguments in light of the admonition to liberally construe a *pro se* complaint, the Court does not believe the Amended Complaint (ECF No. 12) is subject to dismissal. *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015)("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of the allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.")(cleaned up). First, while it is true that Mitchell did check a box indicating he was suing the Defendants in both their individual and their official capacities, the Court believes this was no doubt due to the difficulties in understanding the distinction between these two types of claims. Even those trained in the law, find the distinction confusing at times.

Second, with respect to the alleged breach of duty claim, the Court does not read the Amended Complaint to be asserting a separate claim based on alleged breaches by the Defendants

3

of their oath or duties of office. Finally, the Court believes Mitchell sufficiently complied with the Court's direction that he affirmatively link the Defendants' conduct with the alleged constitutional violations.

### III. CONCLUSION

For these reasons, it is recommended that the Motions to Dismiss (ECF Nos. 30 & 36) or alternative motions to strike be **DENIED.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of April 2021.

/s/ *Barry A. Bryant*
	HON. BARRY A. BRYANT
	UNITED STATES MAGISTRATE JUDGE